IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Douglas Williams, | ) | C/A 2:14cv2034-JMC-WWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| James Dorn, Angela White, | ) | |
| Jim Stewart, and Lt. Hamby, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1] brought by a federal pretrial

detainee proceeding <u>pro</u> <u>se</u> and  <u>in</u> <u>forma</u> <u>pauperis</u>, is before the undersigned United

States Magistrate Judge for a report and recommendation on the Defendants' summary

judgment motions under FED.R.CIV.P. 56(c). 28 U.S.C. § 636(b)(1) and Local Rule

73.02(B)(2)(d), D.S.C..

The Plaintiff, Douglas Williams, filed his verified complaint on May 23, 2014,

alleging the Defendants deliberately ignored his "scabies" skin condition.  He named as

Defendants the Anderson County Detention Center's (ACDC) two medical providers,

Doctor Dorn and Nurse White, and two ACDC administrators, "Chief of Jail" Stewart

and "Grievance officer" Lt. Hamby. (Dkt. 1).

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983

The Defendants answered the complaint on July 7, 2014. (Dkt. 25, 26) . On August 20, 2014, Defendant Dorn filed a motion for summary judgment along with his own affidavit, the Plaintiff's medical records from the ACDC, and the medical records of June 10, 2014, from the Anderson Dermatology and Surgical Center. (Dkt. 40).   On August 21, 2014, Defendants Hamby, Stewart, and White filed their Summary Judgment Motion with their individual affidavits and various exhibits relating to the Plaintiff's medical care while he was housed at ACDC. (Dkt. 43).

Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), on August 21, and 22, 2014, the court advised Williams of summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Defendants' motions.  On September 24, 2014, Williams filed an unverified Response in Opposition to the summary judgment motions.  Hence, it appears consideration of the motions is appropriate.

### The Complaint

According to the Plaintiff, he was a federal pretrial detainee transported to ACDC from the Spartanburg Detention Center (SDC) on April 9, 2014, by the U.S. Marshals. At intake, he told Nurse White about his "severe itching problem."  Plaintiff alleges that he was given Benadryl, which he took for several days to no avail.  Plaintiff saw Dr.[2]

---

[2] Dorn is actually a nurse practitioner employed by the City of Anderson as a contract worker providing health care to detainees and inmates at the ACDC.  Nonetheless he is a proper Defendant in this Section 1983 action.  "The Supreme Court made clear in West that the provision of medical services to prison inmates is traditionally the exclusive prerogative of the state." Conner v. Donnelly, 42 F.3d 220, 224 (4th Cir. 1994) (referring to  West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).  In West, the Supreme Court held that "a private physician under contract with the State of North Carolina to provide medical services to prison inmates, but not employed directly by the state, nonetheless acts under the color of state law when treating an inmate." Id. (citing  West, 487 U.S. 54–57).  "Regardless of the physician's employment relationship with the state, any physician authorized by the state to provide

Dorn on April 22, 2014, and Dorn asked about the Plaintiff's problem.  The Plaintiff told

Dorn about the skin itch.  Dorn prescribed a different, unknown medication, which the

Plaintiff took for five or six more days, without relief.  The Plaintiff alleges that, on April

28, 2014, he told White that he needed to see Dorn again because the pills given to

him by Dorn were doing no good.  When White came to the Plaintiff the next day to

dispense his maintenance[3] medication, the Plaintiff refused to take his medications until

he was able  to see "somebody about my itching."  Plaintiff alleges that White

convinced him to go ahead and take his  medications by also providing him some skin

cream to use.  On May 2, 2014, the Plaintiff told White that the skin cream was not

giving him relief.   White told the Plaintiff that Dorn had seen him once and would not

see him again.

Plaintiff avers that, also on May 2, 2014,[4]  he was seen by the doctor and nurse

"due to an elbow problem."  The Plaintiff also told them that he thought his severe

itching might be caused by scabies, but the doctor told him that the Marshals would not

pay for the medication.  White told him that his initial shower at ACDC should have

included scabies medication.  The Plaintiff took the shower, but the medication he

received during the shower was for lice.  Plaintiff alleges that he continues to suffer

medical care to a prisoner exercises power that is traditionally the exclusive prerogative of the state." Id. at
225.  In Conner, the Fourth Circuit extended West to "private physicians who treat state prisoners without
the benefit of a contract." Id.  Thus, if a healthcare provider demonstrates a deliberate indifference to a
prisoner's serious medical needs, the prisoner suffers a deprivation under color of state law. Id. at 225;
see also  Nelson v. Prison Health Servs., Inc., 991 F.Supp. 1452, 1463 (M.D.Fla. 1997) (explaining that
nurses employed by private company providing medical services for a jail are considered state actors for §
1983 liability).

[3] Plaintiff is diabetic and suffers from hypertension.

[4] This is the same date the Plaintiff averred that he spoke with Nurse White and she said that the
doctor would not see him again.

from itching skin, the doctor still refuses to see him, and the two times that he did see

the doctor and the nurse he was not given a physical examination.

The Plaintiff wrote a grievance to Hamby, on May 4, 2014, advising Hamby of his

medical problem, but the Plaintiff never received a response.  The Plaintiff wrote the

Marshals Service[5] about his problem on the same date, but has not received a

response.  The Plaintiff also wrote to Stewart, on May 11, 2014, informing him of his

medical problem, but has received no response from Stewart.

The Plaintiff dated his complaint May 19, 2014, seventeen (17) days after the

medical staff last saw him, and seeks monetary damages[6].

## Legal Standard of Review

A federal court must liberally construe pleadings filed by *pro se* litigants to allow

them to fully develop potentially meritorious cases. See  Cruz v. Beto, 405 U.S. 319, 92

S.Ct. 1079, 31 L.Ed.2d 263 (1972); see also  Haines v. Kerner, 404 U.S. 519, 92 S.Ct.

594, 30 L.Ed.2d 652 (1972).  In considering a motion for summary judgment, the court's

---

[5] Williams did not name the Marshals Service as a Defendant.

[6]  To the extent Plaintiff brings this suit against the Defendants in their official capacities, the Defendants are entitled to immunity pursuant to the Eleventh Amendment from the Plaintiff's claims for monetary damages. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. See, e.g.,  Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam) (citations omitted); Hans v. Louisiana, 134 U.S. 1, 10–11, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir.1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... [and] is no different from a suit against the State itself," Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (internal citation omitted).  Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. Id. As a result, to the extent the Plaintiff has alleged claims for monetary damages against Defendants in their official capacities, those claims must be dismissed because the Defendants in their official capacities are entitled to immunity pursuant to the Eleventh Amendment.

4

function is not to decide issues of fact, but to decide whether there is an issue of fact to

be tried.  The requirement of liberal construction does not mean that the court can

ignore a clear failure in the pleadings to allege facts which set forth a claim. Weller v.

Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).  Nor can the court assume the

existence of a genuine issue of material fact where none exists. FED.R.CIV.P. 56(c).

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED.R.CIV.P. 56(a). See also  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247,

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  The movant "bears the initial burden of

pointing to the absence of a genuine issue of material fact." Temkin v. Frederick Cnty.

Comm'rs, 945 F.2d 716, 718 (4th Cir.1991) (citing Celotex Corp. v. Catrett, 477 U.S.

317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  If the movant carries its burden of

showing there is an absence of evidence to support a claim, then the Plaintiff must

demonstrate by affidavits, depositions, answers to interrogatories, and admissions on

file, that there is a genuine issue of material fact for trial. 477 U.S. at 324–25.  An issue

of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict

for the Plaintiff. Anderson, 477 U.S. at 248.  Issues of fact are "material" only if

establishment of such facts might affect the outcome of the lawsuit under governing

substantive law. Id.  A complete failure of proof concerning an essential element of the

Plaintiff's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at

322–23.  Moreover, a "mere scintilla of evidence" in support of an essential element will

not forestall summary judgment. Anderson, 477 U.S. at 251.

    Here, the Plaintiff's claims are analyzed through the lens of the due process

5

clause of the Fourteenth Amendment.  "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992).  "[P]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243–44, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983) and Hill, 979 F.2d at 991–92.  Therefore, the standards applied in Eighth Amendment condition of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. See Hill, 979 F.2d at 991; Martin v. Gentile, 849 F.2d 863, 871 (4th Cir.1988) (citations omitted).

"In order to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999) (citing Martin v. Gentile, 849 F.2d 863 (4th Cir.1988).  In addition, the Plaintiff must show that "the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mount Ranier, 238 F.3d 567, 576 (4th Cir. 2001).  This standard clearly requires the Plaintiff to show more than mere negligence on the part of the Defendants, see Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and more than a disagreement with the Defendants over the Plaintiff's course of treatment, see Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

6

Discussion

A review of the record and relevant case law reveals the Defendants' motions should be granted and this matter ended.

Defendants submitted their own affidavits and the Plaintiff's medical records, including the records of the Anderson Dermatology and Surgical Center where the Plaintiff was sent for a dermatology examination of his skin and where his itching was diagnosed as a result of his eczema, not scabies.   There he was examined by a specialist and he was prescribed treatment similar to that which he had received at ACDC. (Dkt. 40, ex. B to Dorn aff.; Dkt. 43, ex. B).  The Defendants correctly contend these documents support their position that when the Plaintiff presented with medical complaints of itching, the complaint was attended to by the medical staff who gave him creams and prescriptions. Id.  He also was sent to shower with delousing soap, provided clean sheets, and a clean jumpsuit.  His cell was sprayed at that same time. Id.  The Defendants assert the medical evidence and their affidavits show that the Plaintiff received prompt medical attention from the ACDC medical staff, and it appears that assertion is true.

Although the Constitution requires that detainees be provided with a certain minimum level of medical treatment, it does not guarantee to a detainee the treatment of his choice. Thomas v. Anderson City Jail, No. 6:10–3270–RMG–KFM, 2011 WL 442053, at 3 (D.S.C. Jan.19, 2011); Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. See  Brown v. Thompson, 868 F.Supp. 326 (S.D.Ga.1994).  Again, a disagreement as to the proper treatment to be received

7

does not in and of itself state a constitutional violation. See  Smart v. Villar, 547 F.2d

112 (10th Cir. 1976); Lamb v. Maschner, 633 F.Supp. 351, 353 (D.Kan.1986).

Furthermore, even if there had been a mistake of medical judgment, that is not

subject to judicial review in a § 1983 action. Russell v. Sheffer, 528 F.2d 318, 319 (4th

Cir. 1975).  Although the  Plaintiff may disagree with his course of treatment while at

ACDC, such allegations do not constitute a constitutional deprivation.

Last of all, the Plaintiff complained to the staff at the Detention Center that his

medical needs were not being adequately treated.  While he may not have received a

response from staff, the evidence is that these complaints were investigated and

determined to be invalid. (Dkt. 43, ex. A, aff. of Stewart).  Therefore, it is recommended

that Defendants be granted summary judgment,[7] any outstanding motions be denied as

moot and this matter ended.

IT IS SO RECOMMENDED.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 7, 2014
Charleston, South Carolina

---

[7]  Reading the complaint liberally, to the extent that the Plaintiff may be attempting to raise a state law claim against the medical providers  for negligence, such would be barred under state law, as the Plaintiff  failed to provide any medical expert testimony showing a lack of due care by those Defendants. See S.C.Code Ann. § 15–36–100(B) (requiring a Plaintiff to file an affidavit of an expert witness with his complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina).

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).